Amer, Sophrin & Cunningham, Akron, for appellant.

James Olds, Akron, for appellees.

**CLOUGH v TROUTMAN et**

(2 Cases)

Ohio Appeals, 9th Dist, Summit Co

Nos 2963 & 2985. Decided Feb. 14, 1938

## OPINION

By STEVENS, PJ.

These cases were argued and submitted together, and arise out of the same subject-matter.

When case No. 2963 came on to be heard after being regularly assigned for trial in the Common Pleas Court, the plaintiff requested the court for a continuance of the case, and as a re-

sult of that request the journal entry of the trial court shows that the case was continued from the 29th day of June, 1937, to the 26th day of August, 1937. The entry in part contains the following:

"Said continuance is granted upon the condition that the plaintiff. within ten (10) days of the filing of this entry, file with the clerk of this court a good and sufficient bond with sureties to be approved by the court, to secure payment of all court costs herein incurred, including therein the expenses of the defendant Erma C. Smith, in returning to Summit County from her home in Indianapolis, Indiana, and return to Indianapolis, for trial of this cause on June 29, 1937.

"In default of the filing of such bond, this action shall stand dismissed. Plaintiff excepts."

Thereafter, plaintiff filed a bond for costs and obtained the desired continuance.

Before the case came on for hearing on August 26, 1937, to-wit, on August 24, 1937, the plaintiff, upon her motion, was granted a further continuance until September 1, 1937.

When the cause came on for hearing on September 1, it is disclosed by the journal entry of the Court of Common Pleas that "the plaintiff, in open court, by and through her counsel, dismissed this action, without prejudice, and at the plaintiff's costs. It further appearing to the court that the defendant Erma Smith returned to Akron from Indianapolis, Indiana, for the trial of this cause on this day and that she appeared in open court, it is ordered that the clerk tax as part of the costs in this action the sum of twenty-five dollars to be paid to the said Erma Smith to reimburse her for her expenses, pursuant to the former order of this court, to which the plaintiff excepts."

Notice of appeal on questions of law was thereupon filed and the matter is now before this court on the question of the validity of the order of the trial court taxing, as a part of the costs, the sum of $25 to be paid to Erma Smith to reimburse her for her expenses.

It will be observed that the application of the plaintiff for a continuance at the time when the case was originally set for trial on June 29, 1937, called for the trial court's exercise of its discretion in determining whether to grant or deny plaintiff's application for the continuance.

It will be further observed that the plaintiff acquiesced in the condition imposed by the court upon the exercise of its discretion, and thereafter filed the bond required by the order of the court.

We hold it to be within the inherent power of the court to impose reasonable conditions upon the exercise of its discretion, and we do not conclude that the condition here imposed upon the granting of the continuance requested by plaintiff was an unreasonable one.

We further hold that by the plaintiff's acquiescence in the condition imposed, she is now precluded from questioning the power of the court to impose said condition.

The judgment of the trial court in case No. 2963, taxing as a part of the costs chargeable to the plaintiff the $25 allowed to Erma Smith for expenses, will be affirmed.

In case No. 2985, the petition set forth the same cause of action as had been set forth in case No. 2963. After the filing of the petition, a motion was filed by one of the defendants, seeking a dismissal of the action for failure of the plaintiff to comply with the order of the court with reference to the payment of costs made in case No. 2963. That motion was sustained and the case was dismissed.

It might be here stated that no bill of exceptions has been presented to this court in either of the above cases.

The entry of dismissal in case No.

264

2985 reads as follows:

"This cause having heretofore come on for hearing upon the motion of the defendant Frank Earl Troutman, to dismiss this action, and it appearing to the court that plaintiff has failed to comply with former orders of this court, this action is hereby dismissed at the plaintiff's costs.

"To which the plaintiff excepts."

Appeal on questions of law brings that order of dismissal before this court for review.

It is claimed that the trial court had no authority to dismiss this action for nonpayment of costs; that at most it had only authority to stay the action until the costs were paid.

It will be observed, however, that the court did not specify any particular order with which the plaintiff failed to comply, but did find that plaintiff failed to comply with former orders of the court, and, in the absence of a bill of exceptions showing to the contrary, this court must indulge the assumption that the trial court had before it sufficient in the way of evidence or admissions to warrant it in making the order which it did make. The indulgence of such assumption by this court requires an affirmance of the judgment in case No. 2985.

WASHBURN, J., and DOYLE, J, concur.